## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**ADVENTURE ENTERPRISES, INC.,**
a Michigan Corporation,

      Plaintiff,                            Case No.

v.

**UNINTERRUPTED DIGITAL VENTURES, LLC,**
a Delaware limited liability company,
**UNINTERRUPTED IP, LLC,**
a Delaware limited liability company,
**LEBRON R. JAMES,** an individual,
**MAVERICK CARTER,** an individual,
and **CREE NIX,** an individual,

      Defendants.

---

## <u>VERIFIED COMPLAINT</u>

Plaintiff **ADVENTURE ENTERPRISES, Inc.** d/b/a **THE SOCIAL CLUB GROOMING COMPANY** ("Plaintiff," "Adventure Enterprises" or "The Social Club") for its Verified Complaint against Defendants Uninterrupted Digital Ventures, LLC, Uninterrupted IP, LLC, LeBron James, Maverick Carter, and Cree Nix (collectively "Defendants"), states as follows:

## <u>PARTIES, JURISDICTION, AND VENUE</u>

1.    Plaintiff Adventure Enterprises, Inc. d/b/a The Social Club Grooming Company is a Michigan corporation doing business in the State of

*BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS*

Michigan with its principal place of business at 5272 Anthony Wayne Drive, Detroit, Michigan 48202.

2.      Upon information and belief, Defendant Uninterrupted Digital Ventures, LLC is a Delaware limited liability company with its principal place of business at 1575 N Gower St, Los Angeles, CA 90028.

3.      Upon information and belief, Defendant Uninterrupted IP, LLC is a Delaware limited liability company with its principal place of business at 1575 N Gower St, Los Angeles, CA 90028.

4.      Upon information and belief, Defendant LeBron James is a citizen and resident of Ohio residing at 4157 IdleBrook Dr., Bath, Ohio 44210.

5.      Upon information and belief, Defendant Maverick Carter is a citizen of Ohio residing at 26642 Brookpark Road, North Olmsted, Ohio 44070.

6.      Upon information and belief, Defendant Cree Nix is a citizen of Georgia residing at 3093 Normandy Rdg, Lawrenceville, GA 30044-7870.

7.      The Court has original subject matter jurisdiction over the federal trademark claims (15 U.S.C. §1114, et seq.) pursuant to 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the Michigan state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

8.    Jurisdiction also exists in this Court pursuant to Title 28, United States Code §1332 as the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorneys' fees and this is a dispute between a corporate citizen of Delaware, citizens of Ohio and Georgia, and a corporate citizen of Michigan.

9.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the claims arose in this judicial district and Defendants are subject to personal jurisdiction in this district.    Among other things, Defendants' infringement on Adventure Enterprises' intellectual property rights occurred in Michigan, Defendants communicated on numerous occasions with Adventure Enterprises' personnel who were located in Michigan, and the infringing content was then broadcasted and streamed throughout Michigan by Defendants via television and webcast.

## SEBASTIAN JACKSON'S CREATION OF SHOP TALK

10.    In 2012, Sebastian Jackson created The Social Club.  The Social Club is a dual purpose barbershop and content studio whose mission, in addition to providing haircuts, is to support cultural discussion, building community, personal growth, and diversity.  The fruit of this creation was Mr. Jackson's SHOP TALK concept.  SHOP TALK is a program where guests consist of local and national celebrities who share their business success stories and other

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

insights while getting their hair cut. Mr. Jackson conceived of this idea on his own which he evolved into a comprehensive concept that can be pitched to investors and national advertisers. Just as SHOP TALK had gained momentum from a successful launch, Uninterrupted and its cadre of associates—including LeBron James– stole this concept from Mr. Jackson and his company for their own commercial gain. This lawsuit is brought to remedy that theft and infringement.

11.    When The Social Club was founded in 2012, it quickly grew in popularity. Mr. Jackson soon saw his barbershop as a forum for discussions that could be delivered as content to a larger audience. He adopted the SHOP TALK Mark as a source identifier for these services. SHOP TALK uses the barbershop as the setting for organic cultural discussions where inspirational entrepreneurs receive a haircut while engaging with the audience through the art of conversation. Inspirational people from all walks of life have participated in Mr. Jackson's SHOP TALK—including Grammy Award winning musicians, business owners, and even *athletes*.

4

12.    As early as 2013, Mr. Jackson garnered both local and national media attention for SHOP TALK, from outlets such as NBC, Huffington Post, and HLN (formerly CNN Headlines News).[1]

13.    Mr. Jackson, through his company, Adventure Enterprises, is the lawful owner of U.S. Registration Number 4903080 registered February 15, 2016 (the "Mark") for the "Shop Talk" mark for: "organization of events for cultural purposes." Adventure Enterprises has been using the Mark in the promotion and operation of forum discussions in a barbershop setting since at least as early as 2013, and as a result, this Mark and its goodwill have become valuable assets.

## THE PITCH OF SHOP TALK TO DEFENDANTS

14.    Defendants have known of Plaintiff and its rights in the Shop Talk Mark since at least as early as 2014.  From 2014 through 2016, Mr. Jackson had numerous discussions with Ms. Cree Nix (an employee of Uninterrupted), seeking a potential partnership with Uninterrupted to expand SHOP TALK.

15.    Discussions with Ms. Nix included e-mail and text message exchanges that detailed Plaintiff's descriptions of plans related to the development and growth of his concept.

---

[1] In July 2013, MBA's Across America aired on HLN and other national networks featuring The Social Club and a segment devoted to its "Shop Talk concept.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

16.   Mr. Jackson stressed the importance of protecting the confidentiality of Plaintiff's proprietary SHOP TALK concept to Ms. Nix, which Ms. Nix acknowledged and agreed with on numerous occasions.

17.   In November 2016, Mr. Jackson also had a number of discussions with Mr. Marcus Collins (an associate of Uninterrupted) regarding broadcast opportunities and the use of Shop Talk with several major networks.

## DEFENDANTS' THEFT OF SHOP TALK

18.   Just a month or so later, in December 2016, Adventure Enterprises discovered that Defendants had stolen its Shop Talk concept and infringed on the Mark – all without Adventure Enterprises' knowledge or consent.

19.   Indeed, in December 2016, Uninterrupted aired its own program called "The Shop" via webcast.  Defendants' show featured LeBron James having conversations in a barbershop setting while engaging in an intimate conversation describing cultural experiences with his contemporaries.

20.   When Mr. Jackson soon discovered Defendants' wrongful use of SHOP TALK via social media, he sent a screenshot to Marcus Collins of a tweet of someone saying "I love this (Uninterrupted / Lebron 'Shop Talk'). I need more of this immediately." Mr. Jackson informed Mr. Collins that it was

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

"problematic." Mr. Collins ignored this correspondence despite several previous communications between himself and Mr. Jackson.

21.    After additional inquiry, Mr. Jackson was informed via text message by Rodney James (an associate of Defendants) that he believed this to be a "one-time thing" and expressed remorse about the situation.

22.    Contrary to the assurances given by Rodney James, "The Shop" was not simply a "one-time thing."  Instead, Defendants continued with its theft and infringement of SHOP TALK when it aired "The Shop" on ESPN in June 2017, during the NBA Finals.

23.    To date, there have been three episodes of "The Shop" posted to Uninterrupted's website.

24.    On August 14, 2017, Adventure Enterprises, through its attorneys, sent a cease and desist letter to Defendants relative to their infringement of the Shop Talk Mark (among other things) and demanded that they "cease any and all use of the Mark…in any and all formats…"  **Exhibit A,** August 14, 2017 Cease and Desist Letter.

25.    On August 28, 2017, Defendants, through their attorney, denied any wrongdoing and argued that, among other things, (i) the SHOP TALK Mark is generic and unoriginal, (ii) Defendants do not use the term SHOP TALK, and

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

(iii) The Shop does not infringe on the SHOP TALK mark. **Exhibit B**, August 28, 2017 Letter.

### DEFENDANTS' LIES REVEALED; ADMIT TO INFRINGEMENT

26.    Shockingly, just months later, Defendants exposed their own lies and admitted, among other things, that The Shop does in fact infringe of the SHOP TALK Mark.

27.    Indeed, on April 2, 2018, Defendants sent a cease and desist letter to the University of Alabama, ironically arguing that the University of Alabama's use of "Shop Talk" infringed on their trademark rights in "The Shop" and the "continued exploitation of Shop Talk infringes Uninterrupted's copyright, trademark rights and other valuable intellectual property rights in The Shop and significantly damages Uninterrupted's commercial prospects for The Shop." **Exhibit C**, April 2, 2018 Letter.

28.    Notably absent from Defendants' cease and desist letter to the University of Alabama was any reference to the fact that Defendants (i) had actually stolen the SHOP TALK concept from Adventure Enterprises, (ii) engaged in the very same wrongful conduct and infringement that they accused the University of Alabama of in their letter, and (iii) were fully aware of this wrongful conduct and infringement by virtue of Adventure Enterprises' August 14, 2017 letter.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

29.     Additionally, in their April 2, 2018 letter, Defendants actually gloated and bragged about how The Shop was widely promoted across its popular social media channels and website, and was widely viewed, having generated approximately 4,000,000 views across ESPN's YouTube Channel and on Uninterrupted.com. **Ex. C**.

30.     Such an admission only serves to underscore the significant damage Adventure Enterprises has incurred as a result of Defendants' wrongful conduct and infringement.

31.     Adventure Enterprises has been offering SHOP TALK barbershop cultural experiences in Michigan and around the country since as early as March 2012.

32.     The SHOP TALK mark is distinctive for the barbershop cultural experience services offered by Adventure Enterprises.

33.     The SHOP TALK mark has acquired distinctiveness and secondary meaning through extensive use and promotion of the SHOP TALK brand both in Michigan and throughout the United States for at least four (4) years prior to Uninterrupted's usage of "The Shop."

34.     Defendants had actual knowledge of Adventure Enterprises' prior rights in the SHOP TALK mark long before Defendants' first use of this mark.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

35.     Since the launch of Uninterrupted's "The Shop" in December 2016, Uninterrupted continues to produce infringing content without the permission of Mr. Jackson and Adventure Enterprises.

36.     Defendants have attempted to profit from and capitalize on the trademark rights and substantial goodwill developed by Adventure Enterprises and in the SHOP TALK Mark.

37.     Defendants were aware of Adventure Enterprises' prior registered rights in the SHOP TALK Mark and have willfully and intentionally produced, advertised, and made available for viewing their infringing version of the "The Shop" featuring barbershop cultural conversations.

**COUNT I**
**MICHIGAN COMMON LAW**
**TRADEMARK INFRINGEMENT**

38.     Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

39.     Defendants' use of the "The Shop" Mark for the appropriated barbershop cultural experience continues to create a likelihood of consumer confusion.

40.     Defendants continue to use the "The Shop" Mark with the intent to confuse and/or deceive consumers.

41.   Defendants' imitation, copying, and unauthorized use of the "The Shop" mark is likely to cause, and have caused, confusion, deception, and mistake among the consuming public and trade by creating the erroneous impression that the services sold, offered for sale, distributed, or advertised by Uninterrupted have been approved, sponsored, endorsed or guaranteed or in some way affiliated with Adventure Enterprises.

42.   By reason of the foregoing, Defendants have committed and are continuing to commit common law trademark infringement.

43.   As a direct and proximate result of Defendants' infringement, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

**COUNT II**
**LANHAM ACT TRADEMARK/**
**SERVICE-MARK INFRINGEMENT**

44.   Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

45.   Adventure Enterprises alleges federal trademark infringement in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a).

46.   Defendants' unauthorized use in interstate commerce of THE SHOP Mark in connection with the sale, offering for sale, distribution, or

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

advertising of its own goods and services has caused and is likely to continue to cause confusion or mistake as to the source, sponsorship, approval, or affiliation among consumers and therefore infringes upon Adventure Enterprises' rights in the SHOP TALK Mark in violation of 15 U.S.C. § 1114(1)(a).

47.    Defendants acted deliberately and willfully in an attempt to trade upon the goodwill associated with Adventure Enterprise's SHOP TALK Mark with full knowledge of Adventure Enterprise's rights in those marks.

48.    As a direct and proximate result of Defendants' infringement, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

49.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause serious irreparable injury to Adventure Enterprises. Therefore, Adventure Enterprises is also entitled to the remedies provided from 15 U.S.C. §§ 1116, 1117.

## COUNT III
## LANHAM ACT
## UNFAIR COMPETITION

50.    Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

51.    Defendants' acts, practices, and conduct constitute unfair competition, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C. § 1125(a).

52.    As a direct and proximate result of Defendants' unfair competition, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

### COUNT IV
### LANHAM ACT
### FALSE ADVERTISING

53.    Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

54.    Defendants' conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers as to the origin, sponsorship, or approval of Defendants' services and commercial activities, and constitutes false advertising in violation of 15 U.S.C. § 1125.

55.    Defendants' conduct involving commercial advertising and promotions misrepresent the nature, characteristics, qualities, and geographic

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

origin of the services and commercial activities of Adventure Enterprises, and constitutes false advertising in violation of 15 U.S.C. § 1125.

56.    Defendants' conduct has injured and continues to injure Adventure Enterprises' commercial interest in reputation and sales, which injuries flow directly from Defendants' conduct.

57.    As a direct and proximate result of Defendants' false advertising, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

**COUNT V**
**COMMON LAW**
**UNFAIR COMPETTION**

58.    Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

59.    Defendants' conduct is likely to confuse, mislead, or deceive consumers or potential consumers, and constitutes common law unfair competition.

60.    Defendants' continued unfair trademark use also constitutes common law unfair competition violating Plaintiff's common law rights to the SHOP TALK trademark and name.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

61.    As a direct and proximate result of Defendants' common law unfair competition, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

## COUNT VI
## UNJUST ENRICHMENT

62.    Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

63.    Defendants have no right to retain or use Adventure Enterprises' concepts and information that was disclosed in confidence as part of a pitch for a business opportunities.

64.    Defendants have been enriched, receiving benefits, such as investment opportunities and platform expansion, at Plaintiff's expense.

65.    As a direct and proximate result, Adventure Enterprises has been injured by Defendants' retention of Adventure Enterprises' concept and will incur further injury, including, but not limited to, irreparable injury to its business and property.  Adventure Enterprises will also incur monetary damages due to the use usurpation of lost business opportunities.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## COUNT VII
## <u>MISAPPROPRIATION OF ADVERTISEMENT</u>

66.    Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

67.    Mr. Jackson of Adventure Enterprises was explicitly asked by Cree Nix about his ideas related to "Shop Talk" and he intended to keep those ideas protected.

68.    Defendants used Adventure Enterprises' work under the guise that it was their own creation.

69.    No compensation or recognition was given to Adventure Enterprises as would otherwise be required under the law.

70.    As a direct and proximate result of Defendants' misappropriation of advertising, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

## COUNT VIII
## <u>STATUTORY CONVERSION</u>

71.    Plaintiff incorporates each of the prior paragraphs as if fully restated herein.

72.    MCL § 600.2919(a) states in relevant part:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

73.   MCL § 750.174(1) states in relevant part:

(1) A person who as the agent, servant, or employee of another person, governmental entity within this state, or other legal entity or who as the trustee, bailee, or custodian of the property of another person, governmental entity within this state, or other legal entity fraudulently disposes of or converts to his or her own use, or takes or secretes with the intent to convert to his or her own use without the consent of his or her principal, any money or other personal property of his or her principal that has come to that person's possession or that is under his or her charge or control by virtue of his or her being an agent, servant, employee, trustee, bailee, or custodian, is guilty of embezzlement.

74.   Mr. James, Mr. Carter, and Ms. Nix are agents, servants, and/or employees of Uninterrupted.

75.   Mr. James, Mr. Carter, and Ms. Nix have fraudulently disposed of and converted the assets of Adventure Enterprises to their own use and have conspired with one another with the intent to convert assets to their own use.

76.   Specifically, Mr. James, Mr. Carter, and Ms. Nix have converted corporate assets by taking the concept of SHOP TALK for personal gain.

17

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

77.    Plaintiff has suffered damages as a direct result of the individual Defendants' conversion of property from Adventure Enterprises.  Pursuant to MCL § 600.2919(a), Plaintiff requests that this Court award him three (3) times the amount of his damages, plus costs and reasonable attorney fees.

## COUNT IX
## CIVIL CONSPIRACY

78.    Plaintiff incorporates by reference each of the above allegations as though fully set forth herein.

79.    Defendants have been, and are, engaged in a concerted action to, among other things, (i) willfully infringe on Adventure Enterprises' intellectual property in violation of the Lanham Act, (ii) engage in the misappropriation of advertisement, (iii) unfairly compete with Adventure Enterprises, and (iv) unjustly enrich themselves.

80.    This concerted action is done to accomplish the unlawful purposes as noted above.

81.    As a direct and proximate result of Defendants' conspiracy, Adventure Enterprises has been damaged and is likely to be substantially injured in its business, including its reputation and goodwill, resulting in lost revenues and profits, diminished goodwill, and associated attorneys' fees and costs.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Adventure Enterprises respectfully requests that this Court award the following relief in favor of Plaintiff and against Defendants:

A.  A preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, representatives and those people in active concert or participation with them from:

1.  Using the SHOP TALK Mark or any trademark, service mark, logo or trade name that is registered to Plaintiff or that is confusingly similar to Plaintiff's marks (e.g. The Shop);

2.  Otherwise  infringing on Plaintiff's federally registered trademarks or using any similar designation, along or in combination with any other components;

3.  Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, productions or services;

4.  Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Plaintiff or any of Plaintiff's products or services; and

5.  Unfairly competing with Plaintiff in any manner.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

B.     That Defendants be required to promptly eliminate their advertising under Plaintiff's trademarks or any other confusingly similar designations (e.g. The Shop) from all media including, but not limited to, any kind of social media, websites, streaming services and television outlets;

C.     That Defendants be required to file with the Court and to serve upon Plaintiff's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

D.     That Defendants account and pay over to Plaintiff all gains, profits and advantages derived by them as a result of their infringement of Plaintiff's trademarks and unfair competition to the full extent provide by the Lanham Act and by the controlling principles of common law;

E.     That Defendants pay such damages as Plaintiff has sustained by reason of Defendants' said trademark infringement and unfair competition as a result of Defendants' misconduct, and that because of the willful nature of the trademark infringement, the Court enter judgment for Plaintiff for three times the amount of said damages, pursuant to the Lanham Act;

F.     That Judgment be entered in favor of Plaintiff and against Defendants as a result of Defendants' infringement, unfair competition and other claims in

an amount the evidence shall disclose, but not less than the jurisdictional minimums of this Court;

G.    An award of the costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff in connection with this action pursuant to the Lanham Act; and

H.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

BUTZEL LONG, a professional corporation

By: */s/ Bernard J. Fuhs*
    Bernard J. Fuhs (P69621)
    Michael R. Griffie (P79836)
Suite 100, 150 West Jefferson
Detroit, Michigan  48226
(313) 225-7000
fuhs@butzel.com
Attorneys for Plaintiff

DATED:  April 16, 2018

## **VERIFICATION**

Sebastian Jackson, first being duly sworn, deposes and states that he is the President of Adventure Enterprises, Inc, Plaintiff in the above-entitled action; that he has read the foregoing Verified Complaint and knows its content; and that the statements of fact set forth in the above Verified Complaint are true and correct, except as to matters therein stated to be on information and belief; and as to those matters, he believes the same to be true to the best of his knowledge an belief.

_____
Sebastian Jackson

Subscribed and sworn to before me
this __13__ day of April, 2018

JANICE MOORE
Notary Public, State of Michigan
County of Wayne
My Commission Expires Mar. 23, 2020
Acting in the County of Wayne

21